GEORGE TOWNSEND, plaintiff in error *v.* RICHARD BRIGGS, defendant in error.

*Error to Schuyler.*

A promise made by a purchaser of a portion of the public lands of the U. S., subsequently to the purchase, to pay for improvements made thereon previous to the sale of the same, is without consideration and void.

TH. L. DICKEY, for the plaintiff in error.

LOCKWOOD, Justice, delivered the opinion of the Court:

This was an action commenced before a justice of the peace, and brought by appeal into the Circuit Court of Schuyler county. On the trial of the cause in the Circuit Court, Briggs, the plaintiff below, proved that some five or six years ago, he made an improvement on the public lands; that subsequent to the making

of the improvement, Townsend, the defendant below, purchased the land of the United States, and in a conversation between the parties, Townsend promised that he would pay Briggs the value of his improvement when he was able. Evidence was also given that Townsend was able to pay. There was some other testimony in the cause, which it is unnecessary to state. Townsend objected to the legality and sufficiency of the testimony to render him liable to the action. The Circuit Court overruled the objection, and gave judgment for the plaintiff below ; to which decision the defendant excepted, and brought the cause into this Court by writ of error. The only question presented in this case, is, whether a promise made by a purchaser of the public lands, to pay for improvements made on the land, previous to the purchase of the government, is binding in law ?

In the case of Carson v. Clark, decided at December term, 1833,(1) and of Hutson v. Overturf, decided at December term, 1834,(2) this Court decided that the promise made by a vendee, after the purchase of the land from the government, to pay for improvements made upon the land previous to the purchase, was a promise without consideration and void. The Court in the last mentioned case, also decided, that the " *Act relative to contracts for the Sale of Improvements on public land,*" approved February 15, 1831, had not made such promise binding on the party making it. The promise proved in the Court below, is, according to these decisions, without consideration and void.

The judgment of the Circuit Court must be reversed with costs.

*Judgment reversed.*

(1) *Ante* 113.    (2) *Ante* 170.    See also Blair *v.* Worley, *Ante* 178.
2N*